***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-13-0005454
21-JAN-2016
08:27 AM

SCWC-13-0005454

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

WAYNE LEE, SR.,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0005454; CR. NO. 12-1-0161)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Wayne Lee, Sr. seeks

review of the Intermediate Court of Appeals' (ICA) June 5, 2015

Judgment on Appeal, entered pursuant to its May 5, 2015 Summary

Disposition Order, which affirmed the Circuit Court of the Third

Circuit's (circuit court) November 6, 2013 Judgment (circuit

court judgment).[1]  Lee entered a conditional plea to the charges

of Habitually Operating a Vehicle Under the Influence of an

Intoxicant (HOVUII), in violation of Hawai'i Revised Statutes

(HRS) § 291E-61.5 (2007),[2] and of Driving While License Suspended

or Revoked, in violation of HRS § 286-132 (2007).[3]  We accepted

Lee's Application for Writ of Certiorari, and we now vacate the

ICA's Judgment on Appeal and the circuit court judgment as to

both charges and remand the case to the circuit court for

further proceedings.

---

[1]     The Honorable Glenn S. Hara presided.

[2]     HRS § 291E-61.5 (2007) provides in relevant part:

(a)   A person commits the offense of habitually operating
      a vehicle under the influence of an intoxicant if:

    (1)   The person is a habitual operator of a vehicle
          while under the influence of an intoxicant; and

    (2)   The person operates or assumes actual physical
          control of a vehicle:

. . . .

            (C)   With .08 or more grams of alcohol per two
                  hundred ten liters of breath. . . .

[3]     HRS § 286-132 (2007) states in pertinent part:

Except as provided in section 291E-62, no resident or
nonresident whose driver's license, right, or privilege to
operate a motor vehicle in this State has been canceled,
suspended, or revoked may drive any motor vehicle upon the
highways of this State while the license, right, or
privilege remains canceled, suspended, or revoked.

Although no specific issue concerning HRS § 286-132 was raised in the
Application for Writ of Certiorari, the record indicates that Lee entered a
conditional plea to both charges.

After being arrested for HOVUII and Driving While License Suspended or Revoked, Lee was taken to the police station, where he was read an implied consent form.[4] Lee elected to take a breath test, which resulted in a breath alcohol content reading of 0.091 grams of alcohol per 210 liters of breath. Lee filed a motion to suppress evidence of the breath test based on, inter alia, a violation of the Fourth Amendment of the United States Constitution, which the circuit court denied. Lee subsequently entered a conditional guilty plea as to both charges that allowed him to appeal the denial of his motion to suppress the breath alcohol test. The ICA affirmed the circuit court's denial of the motion to suppress.

---

[4] The form read in relevant part:

    1. ___ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

    2. ___ You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

    3. ___ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

On certiorari, Lee contends, inter alia, that he did not constitutionally consent to the breath test under the Fourth Amendment of the United States Constitution or Article I, Section 7 of the Hawai'i Constitution because his consent was coerced by the implied consent form, which conveyed a threat of imprisonment and significant punishment for refusal to submit to a breath, blood, or urine test, under HRS § 291E-69 (Supp. 2010).

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with State v. Won, the result of Lee's breath test was the product of a warrantless search, and the ICA erred by concluding that the circuit court properly denied Lee's motion to suppress the breath test result.  Accordingly, Lee's conviction as to both charges cannot be upheld.

IT IS HEREBY ORDERED that the ICA's June 5, 2015 Judgment on Appeal and the circuit court judgment are vacated, and the case is remanded to the circuit court with instructions to enter an order granting Lee's motion to suppress and to allow

4

Lee to withdraw his conditional guilty plea as to both charges.

See State v. Williams, 114 Hawai'i 406, 407, 163 P.3d 1143, 1144 (2007).

DATED:  Honolulu, Hawai'i, January 21, 2016.

| | |
|---|---|
| Taryn R. Tomasa<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Kevin S. Hashizaki<br>for respondent | /s/ Michael D. Wilson |

